Diane ROWELL, f/k/a Diane Oesterle, Petitioner-Appellant,

v.

Michael E. OESTERLE and Department of Health and Rehabilitative Services, State of Florida, Respondents-Appellees.

No. 80–5151
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 24, 1980.

Henry A. Edgar, Jr., Miami, Fla., for petitioner-appellant.

John F. Cosgrove, Miami, Fla., for Michael E. Oesterle.

Before HILL, FAY and ANDERSON, Circuit Judges.

438

PER CURIAM:

Michael E. Oesterle sued Diane Rowell, his former wife, for custody of their two children. Following a hearing in Florida Circuit Court, Oesterle prevailed. Rowell now seeks "release" of her two children by way of federal habeas corpus, 28 U.S.C.A. § 2254(a) (West 1977), on the ground that her state court counsel was incompetent. *Cf. Davis v. Page*, 618 F.2d 374 (5th Cir.), *vacated* (1980). The district court, acting sua sponte, *see Walker v. Johnston*, 312 U.S. 275, 284, 61 S.Ct. 574, 578, 85 L.Ed. 830 (1941); *United States ex rel. Holes v. Mancusi*, 423 F.2d 1137, 1142 (2d Cir. 1970), dismissed Rowell's petition because "it appear[ed] [therefrom] . . . that . . . [she was] not entitled" to the writ. 28 U.S.C.A. § 2243 (West 1977). Rowell appeals.

■ At the threshold we confront appellee's argument that, apart from the merits, the district court lacked subject matter jurisdiction. From an early time, *see Barber v. Barber*, 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859), federal courts have declined jurisdiction to adjudicate domestic relations, "[t]he whole subject [of which] . . . belongs to the laws of the States and not to the laws of the United States." *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979), quoting *Ex Parte Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890). *See Crouch v. Crouch*, 566 F.2d 486 (5th Cir. 1978). This general rule, however, has not operated to bar federal review of constitutional issues, simply because those issues arise in "domestic" contexts. *See, e. g., Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d

113 (1971); *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); *Kirchberg v. Feenstra*, 609 F.2d 727 (5th Cir. 1979), *prob. juris. noted,* —— U.S. ——, 100 S.Ct. 1849, 64 L.Ed.2d 270 (1980). Petitioner urges that her children are detained as the result of constitutionally defective procedures. For this alleged wrong, habeas corpus constitutes a traditional remedy. *See Jones v. Cunningham*, 371 U.S. 236, 239, 83 S.Ct. 373, 375, 9 L.Ed.2d 285 (1963) (dictum); *Sylvander v. New England Home for Little Wanderers*, 584 F.2d 1103, 1110 (1st Cir. 1978). We hold, in consequence, that the district court had subject matter jurisdiction to entertain the petition, and properly reached the merits.[1]

■ It appears, from the state court record, that petitioner was unable to afford counsel. At the custody hearing, she was "represented" by her former attorney only because he had failed formally to withdraw and the presiding judge compelled him, on the day of trial, to appear. Petitioner's attorney repeatedly confessed to a complete lack of preparation, and while the transcript shows that he made desultory objections we assume, for purposes of this case, that petitioner effectively litigated pro se. The question, then, is whether petitioner was denied procedural due process because Florida did not supply her with an attorney. We think not.

Like the district court, we find this case readily distinguishable from *Davis v. Page*, 618 F.2d 374 (5th Cir.), *vacated* (1980), in which the state actively sought to wrest a child away from its mother. Here, there was an ordinary, routine civil litigation between purely private parties.

1. Petitioner did not exhaust her state remedies, 28 U.S.C.A. § 2254(b) (West 1977), allegedly because recusals and other temporary disruptions in the inferior Florida courts precluded "swift vindication." *Galtieri v. Wainwright*, 582 F.2d 348, 354 n. 12 (5th Cir. 1978) (en banc). This representation was apparently false, since a Florida Circuit Court actually denied habeas relief even before the district court did so. The record does not show what effort, if any, petitioner has made to appeal in Florida. Normally, in such circumstances, we would dismiss for want of exhaustion. In this case, however, such a disposition would serve no purpose other than delay. If, as the district court found, the petition warranted sua sponte dismissal, *see Walker v. Johnston*, 312 U.S. 275, 284, 61 S.Ct. 574, 578, 85 L.Ed. 830 (1941), because facially without merit, to withhold so ordering for lack of exhaustion would be an idle formality, precisely the sort of "mechanical" invocation that we have previously derided. *See Wynn v. Smith*, 446 F.2d 341, 345 (5th Cir. 1971). The exhaustion requirement is nonjurisdictional, *e. g., Galtieri, supra*, 582 F.2d at 354, and this is a proper case for its excuse.

The stakes were high. But it simply is not the law that Florida was therefore obliged to provide petitioner with free legal counsel. *Cf. Goldberg v. Kelly*, 397 U.S. 254, 270, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287 (1970) (although hearing could result in respondent becoming "immediately desperate," nonetheless state was not obliged to provide counsel); *Smith v. Secretary of Health, Education & Welfare*, 587 F.2d 857, 860 (7th Cir. 1978) (same). Petitioner had a right, under the First Amendment, to resort "to the courts to vindicate [her] legal rights." *Brotherhood of Railroad Trainmen v. Virginia ex rel. virginia State Bar*, 377 U.S. 1, 7, 84 S.Ct. 1113, 1117, 12 L.Ed.2d 89 (1964). *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510–11, 92 S.Ct. 609, 611–12, 30 L.Ed.2d 642 (1972). But while the Constitution thus "affords protection against unwarranted government interference with [petitioner's] freedom" to litigate, "it does not confer an entitlement to such funds as may be necessary to realize all the advantages of that freedom." *Harris v. McRae*, —— U.S. ——, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980). It follows that the judgment must be and hereby is

AFFIRMED.