**Mona Ann INGRAM,**
**Plaintiff–Appellant,**

v.

**Michael Fitzgerald HAYES, et al.,**
**Defendants–Appellees.**

**No. 87–8952**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 29, 1988.

Richard A. Coleman, Atlanta, Ga., for plaintiff-appellant.

Margaret Hayman, Atlanta Legal Aid Society, Inc., Atlanta, Ga., Carolyn D. Gaines–Varner, Lillie Jones–Osborne, Legal Services Corp. of Alabama, Selma Regional Office, Selma, Ala., for defendants-appellees.

Before HILL, HATCHETT and EDMONDSON, Circuit Judges.

PER CURIAM:

The appellant, Mona Ann Ingram, originally brought an action in an Alabama court against appellee, Michael Hayes, seeking modification of a child support decree. Dissatisfied with the court's decision, Ingram sought the following relief in district court: (1) a declaration that the Alabama Juvenile Court's 1986 judgment is void and unenforceable; (2) damages against Hayes for child support arrearages; (3) modification of the Alabama court's original child support decree in 1982; (4) damages against Hayes for retroactive child support payments based on the requested modification of the 1982 support decree; (5) damages against the Alabama court and Judge Childers for violation of Ingram's due process rights; and (6) damages against Hayes for intentional infliction of emotional distress.

The district court dismissed all the claims except the declaratory judgment and due process claims, holding that it lacked subject matter jurisdiction because the dismissed claims necessarily involved domestic relations issues. In addition, the district court dismissed the declaratory relief claim for failure to state a claim. The district court did not address the due process damages claim against the Alabama court and Judge Childers. To make the district court's order final and appealable, Ingram moved to amend her complaint to dismiss without prejudice the Alabama court and Judge Childers. The district court granted this motion. Ingram appeals the district court's dismissal of the remaining claims.

■ Ingram's complaint alleged that the district court had diversity jurisdiction. Although diversity of citizenship existed, the district court properly abstained from exercising jurisdiction in this case. The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. *See Crouch v. Crouch*, 566 F.2d 486 (5th Cir.1978). As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification. *Crouch*, 566 F.2d at 487.

The domestic relations exception, however, does not justify abstention in all di-

versity cases involving intra-family disputes. *Kirby v. Mellenger,* 830 F.2d 176, 178 (11th Cir.1987). Federal courts should not abstain when the following policies favoring federal abstention are absent: "the strong state interest in domestic relations matters, the competency of state courts in settling family disputes, the possibility of incompatible federal and state decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Crouch,* 566 F.2d at 487; *see Kirby,* 830 F.2d at 178. Consequently, federal courts should dismiss the action only if hearing the claim would mandate inquiry into the marital or parent-child relationship. *Jagiella v. Jagiella,* 647 F.2d 561, 565 (5th Cir.1981).

Ingram's reply brief admits that the district court properly dismissed two claims. First, Ingram concedes that the district court could not exercise jurisdiction to modify the original support decree. Second, because she admits that the court could not modify the original support decree, Ingram necessarily concedes that the district court properly dismissed her claim for retroactive child support based on such modification. Therefore, we need not address these issues.

The district court applied the domestic relations exception to Ingram's claim for child support arrearages. Ingram argues that this decision conflicts with binding precedent. *See Jagiella,* 647 F.2d at 565.* In *Jagiella,* the court held that the district court properly exercised jurisdiction over a child support arrearage claim because the court could calculate the arrearages by merely referring to the Florida Circuit Court clerk's records. *Jagiella,* 647 F.2d at 565. Ingram's arrearage claim, however, differs significantly from the arrearage claim in *Jagiella.* The district court cannot merely enforce the Alabama court's 1982 decree by ordering payment of all arrearages because the Alabama court in 1986 purged all arrearages that the defendant owed under the 1982 decree. Consequently, Ingram's arrearage claim would

require the district court to decide the propriety of the Alabama court's 1986 order, necessitating the court's involvement in the parties' domestic affairs. Thus, the district court properly dismissed this claim.

The district court similarly applied the domestic relations exception to Ingram's claim of intentional infliction of emotional distress. In *Jagiella,* the court affirmed the dismissal of a tort claim for infliction of mental anguish by the former spouse because it concluded that such a claim would necessarily involve inquiry into the parties' relationship. *Jagiella,* 647 F.2d at 565. The court argued that "[i]f this case were allowed to be maintained, United States district courts would be deluged with domestic relations cases, all containing initially colorable tort claims of 'extreme and outrageous conduct resulting in severe emotional distress'...." *Jagiella,* 647 F.2d at 565 (quoting *Bacon v. Bacon,* 365 F.Supp. 1019, 1020 (D.Ore.1973)). Thus, the district court properly dismissed Ingram's claim because it would involve an analysis of the parties' relationship.

The district court did not apply the domestic relations exception to Ingram's claim for declaratory relief. The court concluded that the declaratory relief claim argued a violation of due process under section 1983. As a result, this claim presented a federal question, giving the court an independent basis for subject matter jurisdiction. *See* 28 U.S.C. § 1331 (1966). The district court properly exercised jurisdiction over this federal question despite its domestic relations genesis.

This court has suggested that the domestic relations exception only applies to diversity jurisdiction. *See McDougald v. Jenson,* 786 F.2d 1465 (11th Cir.1986). In *McDougald,* the court held that the district court could not entertain a suit seeking to enforce a child custody order while the order remained modifiable. *McDougald,* 786 F.2d at 1465. In reaching this conclusion, however, the court stated: "The district court correctly concluded that *at least where federal jurisdiction is founded*

---

* This court has adopted as binding precedent the Fifth Circuit Court of Appeals decisions prior to October 1, 1981. *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

*only upon diversity of citizenship*, a federal district court may not entertain this suit...." *McDougald*, 786 F.2d at 1489 (emphasis added). This statement implies that the court will restrict its application of the domestic relations exception to diversity jurisdiction.

In addition, a binding Fifth Circuit decision suggests this same limit on the domestic relations exception. *See Rowell v. Oesterle*, 626 F.2d 437 (5th Cir. Unit B 1980). In *Rowell*, the appellant claimed that her counsel ineffectively represented her, causing her to lose custody of her children. The court noted that although domestic relations issues generally belong to the states, this rule does not preclude federal review of constitutional issues merely because those issues arise in a domestic context. *Rowell*, 626 F.2d at 438. Consequently, the court affirmed the district court's exercise of jurisdiction over the appellant's ineffective counsel claim in a federal habeas corpus petition. *See Rowell*, 626 F.2d at 438.

The Fifth Circuit has adhered to this approach. *See Franks v. Smith*, 717 F.2d 183 (5th Cir.1983). Although the *Franks* court affirmed the district court's dismissal of a child custody issue, it reversed the district court's dismissal of a section 1983 claim alleging violations of the fourth amendment and the due process clause. *Franks*, 717 F.2d at 185. The court stated that federal courts only should dismiss a constitutional claim when a party asserts the constitutional violation solely for the purpose of obtaining federal jurisdiction or, when such violation is wholly insubstantial and frivolous, or when such violation is clearly immaterial to the case. *Franks*, 717 F.2d at 185.

The Third and the Sixth Circuits support this approach. The Third Circuit has frequently implied that the domestic relations exception applies only to diversity jurisdiction. For example, the court held that jurisdiction existed to enforce state court compliance with a federal statute's jurisdictional mandates for child custody cases.

*Flood v. Braaten*, 727 F.2d 303, 307 (3d Cir.1984). In *Flood*, the court stated that it found no cases relying on the domestic relations exception to deny jurisdiction when a litigant had alleged a well-pleaded and substantial complaint. *Flood*, 727 F.2d at 307. The court further stated that "it would be difficult to maintain that the domestic relations exception extends to all sources of federal jurisdiction." *Flood*, 727 F.2d at 307–08 n. 17. Furthermore, the Third Circuit has concluded that federal courts can exercise jurisdiction over constitutional claims concerning state custody proceedings brought under section 1983 or the Constitution. *Lehman v. Lycoming County Children's Services*, 648 F.2d 135, 144–45 (3d Cir.1981).

The Sixth Circuit similarly does not apply the domestic relations exception to legitimate federal questions. The court rejected the argument that a federal court could not entertain a domestic relations issue in deciding a question properly within the jurisdiction of federal courts. *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119, 122 (6th Cir.1982). In *Huff*, the court concluded the district court had jurisdiction to decide domestic relations issues to determine whether benefits existed under a federal statute. *Huff*, 675 F.2d at 122. The Sixth Circuit, however, has warned that federal courts should dismiss an action brought under the guise of a federal question when the claim primarily involves domestic relations. *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) (no jurisdiction over claim for declaratory and injunctive relief to compel trust to pay trust income to former wife to satisfy child support obligations).

Other circuit courts more willingly apply the domestic relations exception to federal questions and constitutional issues involving intra-family disputes. *See Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986). Yet, these courts only decline jurisdiction over federal questions which would deeply involve them in adjudicating domestic affairs. *See Thompson v. Thompson*,

798 F.2d 1547, 1558 (9th Cir.1986) (citing with approval *Bergstrom v. Bergstrom*, 623 F.2d 517 (8th Cir.1980) and *Hernstadt v. Hernstadt*, 373 F.2d 316 (2d Cir.1967)). For example, the Eighth Circuit affirmed a court's abstention from a constitutional issue requiring a reexamination of a custody agreement. *See Bergstrom*, 623 F.2d at 520. Advocating this view, the Second Circuit concluded that a federal court may exercise jurisdiction over a pure constitutional question that arises from a domestic relations dispute; however, the domestic relations exception mandates abstention when the district court "could become enmeshed in factual disputes". *Hernstadt*, 373 F.2d at 318.

Following the more liberal view of abstention, the Ninth Circuit applies the exception to federal questions when an action is pending in state court. For example, the court affirmed the lower court's abstention from a state prisoner's claim that state authorities unconstitutionally deprived him of visitation rights with his children. *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983). In affirming the dismissal of this section 1983 complaint, the court noted the particular propriety of abstention because the prisoner's visitation rights issue was pending in state court. In a similar case, the court dismissed a case despite the existence of a federal question. *Fern v. Turman*, 736 F.2d 1367 (9th Cir.1984) (federal question concerned whether military retired pay was actually reduced compensation for current services). The court concluded that equitable considerations favored resolving the federal question and the state law questions in a single proceeding. *Fern*, 736 F.2d at 1370. Because a federal court could not modify the state court divorce decrees, the court ruled that the state court should resolve the state law questions and the federal question. *Fern*, 736 F.2d at 1370.

■ Under either a liberal or restrictive application of the domestic relations exception, the district court properly exercised jurisdiction over the declaratory relief claim. Even the courts that liberally apply the domestic relations exception to federal question jurisdiction only allow abstention when the federal court would necessarily become enmeshed in the domestic factual disputes. *See Hernstadt*, 373 F.2d at 318. Because Ingram's claim merely requires the district court to consider the constitutionality of the Alabama court's procedures, resolution of this issue does not require the court to delve into the parties' domestic affairs.

■ Although the court exercised jurisdiction, the court dismissed this issue for failure to state a claim. Essentially, Ingram claims that the Alabama court denied her due process by not notifying her of the proceeding. The district court properly found that Ingram did not present a valid due process claim. Ingram initiated the modification under the Uniform Reciprocal Enforcement of Support Act (URESA). *See* Ga.Code Ann. §§ 19–11–40 to 19–11–80 (1982 & Supp.1988). Pursuant to URESA, the Georgia court transferred her petition to Alabama, and the District Attorney represented Ingram before the Alabama court. *See* Ga.Code Ann. § 19–11–53 (1982 & Supp.1988). Furthermore, Ingram declined to use state procedures to set aside the Alabama court's judgment. Finally, Alabama law still permits Ingram to move to set aside the judgment. *See* Ala.R.Civ.P. 60(b)(4). Given these circumstances, the district court properly concluded that Ingram failed to state a claim. Consequently, we affirm the district court's decision.

AFFIRMED.