[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16462
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-03007-CV-TWT-1

SPELLMAN MOUSSIGNAC,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF HUMAN RESOURCES,
MARIAH WASHINGTON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 16, 2005)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Georgia resident Spellman Moussignac appeals the district court's dismissal, for lack of jurisdiction, of his removal proceedings of a state court action for child support. He claims the district court erred by dismissing his removal action of a recovery of child support, initiated against him by the Georgia Department of Human Resources (GDHR) in the Superior Court of Cobb County, Georgia. He also argues the GDHR violated his rights under the Bankruptcy Code by garnishing his wages and suspending his driver's license during the bankruptcy proceedings.

Whether the district court had removal jurisdiction is a question we review de novo. *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001), *affirmed sub nom.*, *Syngenta Crop Protection, Inc. v. Henson*, 123 S. Ct. 366 (2002). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

"The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir.

2

1988) (citations omitted) (holding although diversity of citizenship existed, the district court properly abstained from exercising jurisdiction in domestic relations case). However, the domestic relations exception "does not justify abstention in all diversity cases involving intra-family disputes." *Id.* at 369–70.

The district court did not err by dismissing Moussignac's removal action for lack of jurisdiction because the federal judiciary has traditionally abstained from deciding cases concerning domestic relations. Even though the domestic relations exception does not justify abstention in all diversity cases involving intra-family disputes, there is no diversity of citizenship in this case since Moussignac and the GDHR are residents of Georgia. Accordingly, because the district court lacked subject matter jurisdiction over Moussignac's removal action, it did not err by dismissing the case.[1]

AFFIRMED.

---

[1] We also agree with the district court's assessment that Mounssignac failed to comply with the removal procedure of 28 U.S.C. § 1446. First, Moussignac did not submit any documents, such as copies of all process, pleadings, and orders served upon him in the state action initiated against him by the GDHR. Second, he failed to specify the grounds for removal. Finally, Moussignac's notice of removal was untimely. *See* 28 U.S.C. § 1446.