[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13292
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03687-RWS


WILLIAM M. MCCAVEY,
Trustee of the McCavey Family Trust
U/D/T 12/15/1999,

                                                            Plaintiff-Appellant,

versus

DEBRA ELAINE MCCAVEY-BARNETT,
as Trustee and in her individual capacity,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 21, 2015)

Before TJOFLAT, HULL, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant William McCavey appeals the sua sponte dismissal of his pro se diversity action alleging Georgia law claims of breach of fiduciary duty and breach of trust against his ex-wife, Debra McCavey-Barnett, with whom he was co-trustees of an inter vivos family trust. The district court dismissed McCavey's complaint for lack of subject-matter jurisdiction under the domestic relations exception to diversity jurisdiction. After review, we affirm.

## I.  BACKGROUND FACTS

In 1990, while Plaintiff McCavey and Defendant McCavey-Barnett were married, they purchased a home in Johns Creek, Georgia ("the Johns Creek property") with funds McCavey had inherited. The couple executed a quick-claim deed transferring the Johns Creek property to a trust of which they were co-trustees. In 1999, after the couple had children, they deeded the property to a successor trust, the McCavey Family Trust ("the trust"). The couples' four children were the beneficiaries of the trust, and the couple served as co-trustees.

In 2010, McCavey-Barnett filed for divorce in Georgia and then sought and obtained an order from the state court adding the trust as a party. Following a jury trial, McCavey-Barnett was awarded the marital residence, which was the Johns Creek property, and the Georgia state court ordered McCavey to sign a deed transferring title of the Johns Creek property from the trust to McCavey-Barnett.

McCavey initially refused to sign the deed and was jailed in contempt until he complied with the Georgia state court's order.

In 2013, Plaintiff McCavey, a citizen of Pennsylvania, filed the instant diversity action against Defendant McCavey-Barnett, a citizen of Georgia, in federal district court. McCavey alleged Georgia law claims of breach of trust and breach of fiduciary duty in connection with the transfer of the Johns Creek property from the trust to McCavey-Barnett. McCavey's complaint alleged, inter alia, that: (1) McCavey-Barnett had added the trust as a party in the divorce proceedings "to attack the [trust] property for her own benefi[t]"; (2) "[t]here was no verdict against the Trust, nor was any requested"; (3) "[t]he final divorce decree . . . erroneously included the Trust, although the jury verdict was silent [as] to the Trust property"; and (4) because the state court incarcerated him for 21 days "until he was forced under duress to the signing of the deed," the transfer of the property was "invalid." Among other remedies, McCavey sought to remove McCavey-Barnett as trustee and to obtain an order directing her to repay the value of the Johns Creek property to the trust.

McCavey-Barnett moved for judgment on the pleadings on the ground that the claims were barred by res judicata. The district court instead dismissed the complaint for lack of subject-matter jurisdiction because, even though the parties were diverse as required under 28 U.S.C. § 1332, the domestic relations exception

3

to diversity jurisdiction applied.  The district court found it lacked jurisdiction because any relief in federal court would necessarily require the district court to review the propriety of the Georgia state court's division of property in the divorce decree.  Noting that the trust was made a party to the divorce proceedings and that the trust property was divided pursuant to the divorce decree, the district court concluded that ordering McCavey-Barnett to repay the value of the Johns Creek property into the trust would "involve[ ] issues arising out of conflict over a divorce decree." (internal quotation marks omitted).  McCavey appeals.

## II.  DISCUSSION

"Diversity jurisdiction under 28 U.S.C. § 1332 is subject to a judicially created exemption for domestic relations and probate cases."  Rash v. Rash, 173 F.3d 1376, 1380 (11th Cir. 1999).  The exemption applies to "cases involving divorce . . . and enforcement of separation or divorce decrees still subject to state court modification."  Carver v. Carver, 954 F.2d 1573, 1578 (11th Cir. 1992) (internal quotation marks omitted); see also Ankenbrandt v. Richards, 504 U.S. 689, 701-02, 112 S. Ct. 2206, 2214 (1992) (explaining that the exception was intended to keep federal courts from hearing cases that "seek the granting or modification of a divorce or alimony decree").

Nonetheless, "the exception is narrowly confined; it is not an absolute rule, but rather the question is whether the court in its discretion should abstain."  Rash,

173 F.3d at 1380.  A district court should abstain from cases in which the following policies are present: (1) there is a strong state interest in domestic relations; (2) the state courts can competently settle the family dispute; (3) the state continues to supervise the decrees; and (4) federal dockets are congested.  Wall v. Stone, 135 F.3d 1438, 1441 (11th Cir. 1998) (citing Ingram v. Hayes, 866 F.2d 368, 370 (11th Cir. 1988)).  "Not every case involving a dispute between present or former spouses, however, falls within the domestic relations exception," and a federal court "should sift through the claims of the complaint to determine the true character of the dispute to be adjudicated," while keeping the policies favoring abstention in mind.  Kirby v. Mellenger, 830 F.2d 176, 178 (11th Cir. 1987) (quotation marks omitted).  This Court has concluded that a district court properly dismissed under the domestic relations exception a claim for child support arrearages that would have required the district court "to decide the propriety of" the state court's order purging those arrearages.  See Ingram, 866 F.3d at 370. [1]

In this case, we conclude that the district court properly dismissed McCavey's complaint for lack of jurisdiction.  Although McCavey insists that his suit concerns only trust and contract law and that a review of the state court's divorce decree is unnecessary, the relief he seeks ultimately requires the federal

---

[1]We review de novo dismissal of an action for lack of subject-matter jurisdiction. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).  Abstention under the domestic relations exception, however, is reviewed for an abuse of discretion.  Stone, 135 F.3d at 1441.

court to consider the propriety of the divorce decree's division of the trust property.  This we cannot do.  See Ingram, 866 F.2d at 370.  Indeed, federal courts will not review or modify a state court divorce order even when the plaintiff couches the claims in other terms.  See McLaughlin v. Cotner, 193 F.3d 410, 412-13 (6th Cir. 1999) (explaining that the wife's breach of contract action in connection with the disposition of marital property, namely a separation agreement to sell the marital home that was incorporated into the divorce decree, fell under the exception).  Thus, because McCavey seeks to have a federal court review the division of marital property as determined in his divorce proceedings, such review falls within the domestic relations exception, and the district court properly determined that it lacked subject-matter jurisdiction under that rule.

     **AFFIRMED.**