**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11784

Non-Argument Calendar

————————————————

OLEKSANDRA PLYATSKO,

*Plaintiff-Appellant,*

*versus*

JUDGE ALICE BENTON,
in her individual and official capacities,
JUDGE MANNING,
in her official capacity,
JUDGE FARMER,
in her official capacity,
MARCY MILLARD,
Guardian ad litem,
DR. DAVID FEINSILBER, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-02192-MHC

_____

Before NEWSOM, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Oleksandra Plyatsko, proceeding *pro se*, brought claims under 42 U.S.C. § 1983 against three Georgia state court judges, a guardian ad litem, and others for alleged "egregious and ongoing violations of [her] constitutional rights during a prolonged and procedurally defective custody dispute" in Fulton County, Georgia Superior Court. The district court *sua sponte* dismissed Plyatsko's complaint pursuant to 28 U.S.C. § 1915(e)(2) on multiple grounds, including that federal courts generally abstain from hearing child custody and divorce disputes under state law. *See United States v. Windsor*, 570 U.S. 744, 767 (2013) (explaining that in certain circumstances the federal government "has deferred to state-law policy decisions with respect to domestic relations"); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (discussing the "domestic relations exception" to the exercise of federal jurisdiction), *abrogated on other grounds Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127-28 (2014); *Ankenbrandt v. Richards*, 504 U.S. 689, 693-704 (1992) (discussing the same). Plyatsko appealed.

On appeal, Plyatsko challenges all of the district court's grounds for dismissal, except abstention pursuant to the domestic

relations exception.  Because Plyatsko failed to brief the domestic relations exception issue on appeal, she abandoned any challenge as to this alternative ground for dismissal.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

After careful review, we (1) affirm the district court's dismissal of Plyatsko's complaint, but (2) vacate and remand with instructions to dismiss Plyatsko's complaint without prejudice.

## I.  BACKGROUND

### A.    Plyatsko's Complaint

On April 22, 2025, Plyatsko filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, naming as defendants (1) Fulton County, Georgia Superior Court Judges Alice Benton, Alexandra Manning, and Kevin Farmer; (2) guardian ad litem Marcy Millard; (3) "John Doe Court Officials"; and (3) Dr. David Feinsilber and Dr. Hardy, who completed psychological evaluations of Plyatsko.[1]  Plyatsko alleged that these defendants "conspired to deprive [Plyatsko] of her fundamental rights to due process, parental association, and access to the courts."

Specifically, Plyatsko alleged that, in February 2023, Plyatsko's former spouse initiated a modification as to the custody of Plyatsko's two minor children, supported by an ex parte

---

[1] Plyatsko sued Judge Benton in her individual and official capacities, sued Judge Manning in her official capacity, and did not indicate whether she sued Judge Farmer in his individual or official capacity.  Plyatsko sued guardian ad litem Millard, Dr. Feinsilber, and Dr. Hardy in their individual capacities.

4                    Opinion of the Court                    25-11784

temporary protective order ("TPO").    Those proceedings ultimately resulted in Judge Manning (1) ordering supervised visitation between Plyatsko and her children; and (2) merging the TPO matter with the underlying custody matter.

At a final hearing presided over by Judge Benton, guardian ad litem Millard recommended the indefinite continuation of supervised visitation.[2]    Millard based that recommendation on assessments by Dr. Hardy and Dr. Feinsilber, whom Plyatsko alleges to be problematic and coercive.

Plyatsko alleged that the final hearing on the custody modification case was rushed and that the TPO was merged into the custody modification case without the proper legal process.

Judge Benton issued a final order imposing $60,000 in attorney's fees upon Plyatsko and ordering her to reimburse all guardian ad litem fees, which were later calculated to be $77,000. Plyatsko filed a motion to recuse Judge Benton, which was denied. In addition, Plyatsko filed over 90 motions that she alleges were ignored, including motions (1) to dismiss guardian ad litem Millard and (2) to exclude Dr. Feinsilber's report.

Throughout the litigation, Plyatsko alleged she was deprived of contact with her children.  As of the final hearing, Plyatsko alleged that she could no longer see her children because she was unable to afford the court-ordered supervised visitation.

---

[2] Judge Farmer was initially scheduled to preside over the final custody hearing, but the matter was later reassigned to Judge Benton.

Plyatsko alleged that she attempted to transmit the record of her case to the Georgia Court of Appeals but feared that Judge Benton would deny the motion to transmit the appeal based on a "clear pattern of judicial retaliation and obstruction demonstrated throughout the litigation." Plyatsko asserted that guardian ad litem Millard and Judge Benton acted in concert to suppress her "legal rights and chill her access to due process."

Plyatsko sued the defendants on six claims. First, Plyatsko sued for violation of her procedural due process rights under the Fourteenth Amendment, alleging that (1) she was denied notice and a meaningful opportunity to be heard in the TPO and custody proceedings; (2) hearings were cancelled without her consent; (3) her motions were ignored; (4) psychological reports were used without challenge; and (5) fees were imposed without findings and despite her inability to pay.

Second, Plyatsko sued for a violation of her substantive parental rights under the Fourteenth Amendment, claiming she was deprived of the care, custody, and control of her children without a compelling interest, evidence of unfitness, or judicial findings.

Third, Plyatsko sued for retaliation under the First Amendment, claiming that the defendants retaliated against her for exercising her right to file motions, seek recusal, and pursue appeals, including through financial sanctions and threats of contempt.

Fourth, Plyatsko sued for civil conspiracy under § 1983, claiming that the "[d]efendants collaborated to suppress evidence, manipulate psychological findings, and obstruct reunification for strategic advantage in litigation."

Fifth, Plyatsko sued for supervisory and administrative liability, alleging that "[j]udges and court staff failed to oversee the proceedings and allowed [guardian ad litem Millard] and evaluators to drive outcomes without accountability."

Sixth, Plyatsko sued for denial of her rights to access the courts and appeal, alleging she was "denied her right to appeal through failure to transmit the record, refusal to rule on indigency, and retaliation for seeking review."

Plyatsko requested that the district court (1) "[e]njoin further enforcement of the custody order and TPO pending review," (2) restore her visitation and custody rights, and (3) award damages.

## B.    The District Court's Dismissal Order

One week after Plyatsko filed the complaint, the district court issued an order dismissing Plyatsko's complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and frivolity. The district court found that the *Rooker-Feldman*[3] and *Younger*[4] doctrines barred the district court from exercising jurisdiction over

---

[3] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

Plyatsko's complaint, which challenged rulings made in her custody proceeding in the Superior Court of Fulton County, Georgia.

More specifically, the district court determined that (1) the *Rooker-Feldman* doctrine barred review of her complaint to the extent that she was challenging a final judgment from her custody proceeding in state court; and (2) to the extent Plyatsko's custody proceeding was ongoing and did not involve a final judgment, the *Younger* abstention doctrine precluded the district court from exercising jurisdiction.

The district court also determined that even if the *Rooker-Feldman* and *Younger* doctrines did not apply, it would abstain from exercising jurisdiction because Plyatsko's case "is essentially a domestic relations dispute that falls within the domestic relations exception to the exercise of [federal] jurisdiction."

The district court further determined that even if it could properly exercise jurisdiction, judicial and quasi-judicial immunity protected the named defendants from civil lawsuits for damages. To that end, the district court ruled that Plyatsko failed to allege sufficient facts to overcome judicial immunity, which protected three of the defendants whom she sued for alleged actions taken in their official capacity as judges. The district court also determined that the doctrine of quasi-judicial immunity barred Plyatsko's claims against the remaining defendants because their official duties had an integral relationship with the judicial process.

Alternatively, the district court concluded that Plyatsko's allegations were insufficient to support a § 1983 claim. Regarding Plyatsko's claim of a due process violation under the Fourteenth Amendment, the district court found that Plyatsko failed to allege sufficient facts to support any violation given that she claimed that she was in the process of appealing the state court decisions underlying the alleged violations in her complaint. The district court reasoned that although Plyatsko alleged that she feared that Judge Benton would deny her motion to proceed *in forma pauperis* and motion to transmit the appeal, there was no suggestion that Plyatsko was deprived of constitutionally adequate procedural due process. The district court also determined that Plyatsko failed to state a § 1983 claim arising out of a substantive due process violation because she did not allege that any defendant abused his or her power by denying her a fundamental right.

Finally, the district court dismissed the "John Doe" defendants because fictitious-party pleading is not permitted in federal court.

The district court dismissed Plyatsko's complaint with prejudice after finding that any amendment to the complaint would be futile, as the complaint would still be subject to dismissal. *See* Fed. R. Civ. P. 41(b).

Plyatsko timely appealed.

## II.  DISCUSSION

### A.    Standard of Review

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), using the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6).  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  We review a district court's dismissal of a claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  And we review "a district court's decision to abstain for abuse of discretion."  *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023).

### B.    Abandonment by *Pro Se* Litigants

*Pro se* pleadings "'are held to a less stringent standard' and should be 'liberally construed.'"  *Taveras v. Bank of America, N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Liberal construction, however, does not mean that a court may "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action."  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

Issues not briefed on appeal by a *pro se* litigant are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  An appellant abandons a claim when, for example, she (1) makes only passing references to it; (2) raises it in a perfunctory manner without supporting arguments and authority; (3) refers to it only in the "statement of the case" or "summary of the argument"; (4) refers to the issue as mere background; (5) buries the claim

within her main arguments; or (6) raises it for the first time in her reply brief. *Sapuppo*, 739 F.3d at 681-83.

Moreover, when a district court judgment is based on multiple, independent grounds and an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground, and the judgment is due to be affirmed. *Id.* at 680.

## C.    Analysis

The Supreme Court explained in *Windsor* that in certain circumstances the federal government "has deferred to state-law policy decisions with respect to domestic relations." 570 U.S. at 767; *Elk Grove Unified Sch. Dist.*, 542 U.S. at 12-13 (describing the same). Accordingly, "[f]ederal courts will not hear divorce and custody cases even if they arise in diversity because of 'the virtually exclusive primacy . . . of the States in the regulation of domestic relations.'" *Windsor*, 579 U.S. at 767 (quoting *Ankenbrandt*, 504 U.S. at 714 (Blackmun, J., concurring in judgment)) (ellipsis in original). This is commonly referred to as the "domestic relations exception" to federal jurisdiction and it operates as an abstention doctrine for federal courts. *See Elk Grove Unified Sch. Dist.*, 542 U.S. at 12-13 (discussing the "domestic relations exception" to the exercise of federal jurisdiction); *Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999) ("The court should abstain only when hearing the claim would require the court to delve into the parties' domestic affairs." (citing *Ingram v. Hayes*, 866 F.2d 368, 370 (11th Cir. 1988))).

25-11784                Opinion of the Court                11

Neither the Supreme Court nor this Court have expressly decided whether the domestic relations exception applies to federal question jurisdiction, but this Court has noted that "the courts that liberally apply the domestic relations exception to federal question jurisdiction" have not done so in all cases, but only "when the federal court would necessarily become enmeshed in the domestic factual disputes." *Ingram*, 866 F.2d at 372; *see also Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992) ("[T]he domestic relations exception has been applied only to diversity jurisdiction or federal question jurisdiction which would require adjudication of domestic affairs.").

Here, the district court cited to and applied the domestic relations exception, ruling that it should abstain from exercising jurisdiction over Plyatsko's federal case because "it is essentially a domestic relations dispute that falls within the domestic relations exception to the exercise of [federal] jurisdiction." On appeal, Plyatsko did not brief this issue. Because Plyatsko failed to address the district court's ruling as to the domestic relations exception on appeal, she abandoned any challenge to this alternative ground for dismissal. *Sapuppo*, 739 F.3d at 680. As such, we affirm the dismissal of Plyatsko's complaint.[5]

---

[5] Because we affirm the dismissal of Plyatsko's complaint based on her abandonment of the domestic relations exception issue, we do not (1) discuss the applicability of the domestic relations exception to Plyatsko's case or (2) reach any other issue on appeal.

Nonetheless, dismissal based on an abstention doctrine—such as the *Younger* abstention doctrine—is generally without prejudice because the court is abstaining and thus not reaching the merits of the case. *See Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1263-64 (11th Cir. 1997) (affirming the "district court's judgment of dismissal without prejudice" based on *Younger* abstention grounds). Likewise, dismissal pursuant to the domestic relations exception should be without prejudice since the court is abstaining from exercising its jurisdiction. We are accordingly obliged to vacate the district court's order and remand the case with instructions for the district court to dismiss Plyatsko's complaint without prejudice.

### III.  CONCLUSION

For the foregoing reasons, we (1) affirm the district court's dismissal of Plyatsko's complaint, but (2) vacate and remand with instructions to dismiss Plyatsko's complaint without prejudice.

**AFFIRMED IN PART, VACATED AND REMANDED WITH INSTRUCTIONS IN PART.**