ANNE FRANK, PLAINTIFF-APPELLANT-RESPONDENT, v. JOSEPH FRANK, JR., AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF JOSEPH FRANK, DECEASED, DEFENDANT-RESPONDENT-APPELLANT.

Argued April 2, 1951—Decided May 28, 1951.

*Mr. Samuel Roessler* argued the cause for the plaintiff-appellant-respondent.  *Mr. Leo C. Zucker* on the brief.

*Mr. John J. Gaffey* argued the cause for the defendant-respondent-appellant (*Messrs. Minard, Cooper, Gaffey & Webb*, attorneys).

The opinion of the court was delivered by

ACKERSON, J.  On December 21, 1948, plaintiff instituted this suit against her husband in the Chancery Division of the Superior Court asserting three causes of action; *i. e.*, (1) for separate maintenance; (2) for the recovery of arrearages of temporary alimony in the amount of $3,825, alleged to have accrued under an interlocutory order of a Circuit Court of the State of Florida, and (3) for money allegedly loaned to the amount of $4,000.  Judgment was entered in our Chancery Division, upon the findings of an advisory master, dismissing the first and second causes of action, and sustaining the third to the extent of $1,200 for money loaned.

From this judgment plaintiff appealed to the Appellate Division of the Superior Court which affirmed the judgment below and additionally directed the defendant to pay his wife's costs, including a counsel fee of $500.  Plaintiff thereupon appealed to the Supreme Court as of right, in view of the constitutional question involved, pursuant to *Rule* 1:2–1(*a*).  The issue of separate maintenance is not before us on this appeal since, shortly after the entry of the judgment of the Appellate Division, the defendant died.  However, the other issues are presented and the defendant's son, as his executor, has been substituted as defendant-respondent and has filed a notice of cross-appeal from so much of the judgment of the Appellate Division as awarded the wife her costs and a counsel fee against her husband.

The first question before us for review is whether or not the order of the Florida court, upon which the plaintiff's above-mentioned second cause of action rests, has the requisite finality to entitle it to recognition and enforcement in the courts of New Jersey under the full faith and credit clause of the Federal Constitution (*Art. IV, sec.* 1).  In

determining the conclusiveness of such order we must look to the law of Florida, *Kelly v. Kelly*, 121 *N. J. Eq.* 361 (*E. & A.* 1936). The record, pertinent to this inquiry, discloses that in November, 1947, while the parties resided in Florida—having moved there from New Jersey in September, 1947—the plaintiff brought suit against her husband in a Circuit Court of Florida seeking, *inter alia*, separate support and maintenance. The husband was served with process in the Florida suit and filed an answer denying all of the allegations of the complaint except the marriage, and on November 14, 1947, an order was made by the Florida court directing him to pay his wife, as temporary alimony, the sum of $75 per week, beginning November 15, 1947, until the further order of the court. Subsequently the husband was adjudged in contempt for failure to comply with the last-mentioned order and on December 2, 1948, he was further adjudged in contempt and ordered to purge himself thereof within five days by paying the arrearages of alimony under the aforesaid interlocutory order amounting to $3,825, or be confined to jail for 30 days. In the meantime the plaintiff's husband had sold his business in Florida and moved back to New Jersey. No other proceedings were had in the Florida suit and the merits thereof remain unadjudicated.

It is the foregoing contempt order of the Florida court, entered December 2, 1948, which forms the basis of the plaintiff's second cause of action herein for the arrearages of temporary support in the foregoing sum. In dismissing it our trial court held that the aforesaid order was not a final judgment of the Florida court entitled to constitutional protection as embodying a vested right, because the order was temporary and could be modified or vacated at any time until there was an adjudication of the merits of the cause which had not yet occurred, citing *Duss v. Duss*, 92 *Fla.* 1081, 111 *So.* 382 (*Fla. Sup. Ct.* 1926) as establishing the controlling Florida law to that effect. Our Appellate Division affirmed on the same ground. In the cited case the appeal by the wife was from an order of the Chancellor relieving

her husband from the payment of accrued temporary alimony and vacating a former interlocutory order requiring him to pay future alimony. As to the former the wife argued that she had acquired a vested right to the accrued temporary alimony and the court was without authority to extinguish her claim. Nevertheless the Florida Supreme Court rejected her contention and held that "* * * the enforcement of an interlocutory order for the payment of temporary alimony in this state, in the absence of intervening and effective appellate jurisdiction, remains so completely within the discretion and control of the court which rendered it that, at least until final decree, it may be annulled or modified, even as to past-due and unpaid installments, * * *." The court further said: "Such an interlocutory order is not a final judgment for the payment of money, nor one upon which an execution will issue. Neither will it support an action for debt. All proceedings to compel the payment of temporary alimony allowed by the interlocutory order must be taken in the cause in which the order was granted." *Cf. Kelly v. Kelly, supra, p.* 362.

Plaintiff, while acknowledging the controlling force of the *Duss* case as of the time it was decided (1926), nevertheless, insists that the law of Florida, as thus pronounced, has been changed by a statute enacted in 1935. This statute (*F. S. A. sec.* 65.15) provides as follows:

"Whenever any husband and wife, heretofore, or hereafter shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony * * * or whenever any husband has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have been changed since * * * the rendition of such decree, either party may apply * * * for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the court * * * shall make such order and judgment as justice and equity shall require * * * decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in such * * * decree.

Thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance or alimony directed in such order and judgment, and no other or further amount, and such * * * decree, for the purpose of all actions or proceedings of every nature * * * shall be deemed to be, and shall be, modified accordingly, * * *."

In *Van Loon v. Van Loon,* 132 *Fla.* 535, 182 *So.* 205 (*Fla. Sup. Ct.* 1938), involving *permanent alimony* which had accrued under a *final decree* of divorce, the Supreme Court of Florida construed the foregoing statute as authorizing the amendment of alimony decrees only as to payments not yet due at the time of the application for modification, and held that past due installments of permanent alimony following a final decree constituted a vested property right which could not be modified or annulled; but, as observed by our Appellate Division in the case *sub judice,* "this conclusion springs from common law principles and not from the statute of 1935." The plaintiff argues that since the foregoing statute makes a decree for alimony amendable as to future installments, it should be construed to forbid, by implication, amendment as to past due installments of *temporary* alimony under an *interlocutory* order for support to conform with the pre-existing law respecting arrearages of *permanent* alimony under a *final* decree.

However, plaintiff cites no Florida cases since the passage of the 1935 statute, nor has our independent research revealed any, which give any support whatsoever to her contention. All of them involve past due installments of permanent alimony under final decrees and are merely confirmatory of common law principles prevailing before the enactment of the statute. Indeed, some of them, although not dealing with interlocutory orders for temporary support, nevertheless indicate that the Florida courts still recognize the difference, with respect to the point here involved, between permanent and temporary alimony pronounced in the *Duss* case and refer to that case with approval. See *Van Loon v. Van Loon, supra* (concurring opinion), and *Craig v.*

*Craig*, 157 *Fla.* 710, 714, 26 *So.* (2d) 881 (*Fla. Sup. Ct.* 1946).

We find nothing in the statute, nor in the decisions of the Florida courts subsequent to its adoption, indicating a departure from the holding in the *Duss* case. We must assume that the legislation was adopted with knowledge of that decision and if a change in its pronouncement of the law had been intended, such purpose would have been expressly stated. On the contrary, the statute (*F. S. A. sec.* 65.15) discloses its purpose to be as follows: "This section is declaratory of existing public policy and laws of this state, which is hereby affirmed and confirmed in conformance with the provisions hereof, * * *."

The plaintiff leans heavily on the case of *Sistare v. Sistare*, 218 *U. S.* 1, 54 *L. Ed.* 905, 30 *S. Ct.* 682 (1910) but, instead of being helpful to her contention, it tends to support the defendant's position. There the United States Supreme Court considered the constitutional safeguard with respect to accrued permanent alimony under a final decree of a New York court. After holding that the decree, in view of the prevailing New York law, was protected by the full faith and credit clause, the court proceeded to point out that such protection did not exist where, by the law of the state in which the decree was rendered, its enforcement is so completely within the discretion of the courts of that state that they may annul or modify the decree, even as to overdue and unsatisfied installments.

It is, therefore, important to note that the case of *Duss v. Duss, supra,* was decided several years after the *Sistare* case, and in the opinion in the *Duss* case, at page 1089, reference is made to the *Sistare* case as follows:

"* * * We see nothing in the case of *Sistare v. Sistare.* * * * which conflicts with the views here expressed. Since the enforcement of an interlocutory order for the payment of temporary alimony in this State, in the absence. of intervening and effective appellate jurisdiction, remains so completely within the discretion and control of the court which rendered it that, at least until final decree, it may be annulled or modified, even as to past-due and unpaid in-

stallments, such decrees are within the category expressly excepted, in the *Sistare* case, *supra*, from the protection of the full faith and credit clause of the Federal Constitution, so long, at least, as the proceedings in which the order was made remained *in fieri* and its enforcement within the judicial discretion of the court which made it."

The cases of *Bolton v. Bolton*, 86 *N. J. L.* 622 (*E. & A.* 1914) and *Conwell v. Conwell*, 3 *N. J.* 266 (1949), are also cited and relied upon by the plaintiff, but they are not pertinent here in view of the fact that the foreign judgments there involved were final and not temporary and therefore, as we have observed, a different rule of law applied.

There has been no final judgment in the cause following the contempt order of December 2, 1948. In finding defendant guilty of contempt it was necessary to state the amount of support money in arrears so that, if he wished to purge himself of the contempt, he could do so by paying the amount so stated. The order does not purport to be a money judgment in favor of the plaintiff but merely an adjudication of contempt, and, as such, is still within the complete control of the court which made it. Hence the plaintiff's position in the instant case is no stronger than if her husband had not been convicted of contempt.

We therefore conclude that the aforesaid order of the Florida court is not a final judgment for an absolute debt entitled to enforcement here under the full faith and credit clause of the Federal Constitution. *Kelly v. Kelly, supra.*

■ Plaintiff also complains of the finding below that she had advanced to her husband only $1,200 instead of the $4,000 which she claimed. However, the advisory master, the trial court and the Appellate Division all arrived at the former figure as the correct amount due and we find ample support for this conclusion in the record.

■ We come now to the defendant's cross-appeal from the action of the Appellate Division in ordering him to pay his wife's costs and a counsel fee of $500 on her appeal to that court. *Rule* 1:2–28 (applicable in the Appellate Division by *Rule* 4:2–6) provides as follows:

"Where, on appeal, a wife prevails in a divorce or maintenance action, or the probate of a will is sustained, or the litigation concerns a fund in court, an application for counsel fees for services rendered on appeal may be made in the appellate court."

Since the wife did not prevail in any such type of action in the Appellate Division, she was not entitled to the allowance of a counsel fee. *Rules* 3:54–6 and 3:54–7 relate only to the allowance of counsel fees in a trial court, and the allowance there made in the instant case is not contested on this appeal.

As to the assessment of her costs against her husband on the appeal, *Rule* 1:4–11 (Appellate Division *Rule* 4:4–7) provides:

"Unless the appellate court shall, in express terms, adjudge to the contrary the clerk thereof shall tax such costs as are recoverable by law, in favor of the prevailing party, including the cost of the transcript, and the reasonable expense of the printing of briefs, appendices, petitions and motions. The clerk shall not tax such costs against a wife in a divorce, annulment or maintenance action unless the appellate court otherwise orders."

While this rule states that costs shall not be assessed against a wife in an appellate court in a divorce, annulment or maintenance action unless the court so orders, and provides that in other cases the court may adjudge that costs shall not be awarded to a successful party, it cannot be given a positive interpretation to the effect that the court has the authority not only to deny the prevailing party costs on appeal but to assess the costs of the losing party against the prevailing party.

We note the plaintiff contends that the defendant has no right to raise the legal propriety of the allowance of costs and counsel fee by a cross-appeal in view of the fact that the question involved is not one appealable under *Rule* 1:2–1, and that defendant should not be permitted to raise it in the Supreme Court merely because the plaintiff, having a constitutional question, has seen fit to appeal. In the case of *Liberty Title & Trust Co. v. Plews*, 6 *N. J.* 28, 42 (1950) we

held that a party may not, following the granting of his opponent's petition for certification, attack judgments under review in the Supreme Court without himself having successfully petitioned for certification. Nevertheless, where, as here, the plaintiff filed an appeal as of right because of the presence of a constitutional question, and the defendant has filed a cross-appeal, it is not necessary that defendant have an independent basis for his right of appeal. The case being properly before the Supreme Court by virtue of the constitutional question raised by the original appeal, the court has jurisdiction and will consider all questions presented by the cross-appeal, even though they are not such as in and of themselves would give the right to an original appeal under *Rule* 1:2–1.

The judgment of the Appellate Division of the Superior Court is accordingly modified to the extent of deleting therefrom the provision requiring the defendant to pay his wife's costs and a counsel fee on her appeal to that court, and, as so modified, it is affirmed.

*For modification*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*Opposed*—None.