32 N.J. Super. 491 (1954)
108 A.2d 455
LESSIE PARAMORE, PLAINTIFF-APPELLANT,
v.
LOUIS PARAMORE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1954.
Decided October 15, 1954.
*492 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Edward I. Berry, Jr., argued the cause for the appellant (Messrs. Richman & Berry, attorneys).
No appearance for respondent.
The opinion of the court was delivered by FRANCIS, J.A.D.
The Chancery Division denied recognition of a judgment granted by the appropriate court of the State of Pennsylvania for accumulated arrearages under an order for support. This appeal followed.
Plaintiff wife, a resident of Pennsylvania, obtained an order for support against the defendant husband in the *493 Municipal Court of Philadelphia. Arrearages of $2,750 having accumulated, she filed a petition in that court asking that they be reduced to judgment and that the weekly allowance be increased.
The petition recited that the husband was a resident of the State of New Jersey, in business here, and the owner of real estate in Glassboro, New Jersey. It was further alleged that he might sell the property without her knowledge and consent.
A hearing was held in the municipal court at which both parties were represented by counsel and both testified. While their testimony is not included in the appendix, it seems from a colloquy between court and counsel, which is set forth, that inquiry was made as to the husband's assets and the wife's situation. At the conclusion of the discussion, the court declined to increase the maintenance award. However, he directed that judgment be entered for the arrearages in the amount of $2,750 and the record discloses the entry of such judgment on October 3, 1952.
During the course of the colloquy about the delinquent payments, the court ordered the defendant "to pay $3 a week on the arrears." At the end of the record of the proceedings appears this note: "Respondent to pay $3 per week additional on the arrears; attachment continued." Whether an order to this effect was actually entered is not shown by the exemplified copy of the record submitted to our Chancery Division. However, the pretrial order recites that plaintiff does not dispute the making thereof.
Thereafter suit was brought on the judgment in the Law Division of our Superior Court, which by consent was transferred to the Chancery Division. There the court held that the $2,750 judgment was subject to revision and reduction under the Pennsylvania law, and was therefore not a final judgment. Consequently, it was not entitled to full faith and credit under Article IV, Section 1, of the Constitution of the United States. As the result of this determination the complaint was dismissed.
*494 Under our law, past due installments under a foreign decree or order or judgment for alimony or support are entitled to full faith and credit if the right to them is absolute and vested. Whitehead v. Villapiano, 16 N.J. Super. 415, 422, 423 (App. Div. 1951); Frank v. Frank, 10 N.J. Super. 73, 79 (App. Div. 1950), modified 7 N.J. 225 (1951).
The trial court felt that the wife's right to the accrued installments of support was not vested and final because of the Pennsylvania statute, 17 Purdon's Penna. Statutes Annotated, § 263 (P.L. 440, June 19, 1939). This act says:
"Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant."
The critical word here is "order" and in our judgment its significance was overlooked. There can be no doubt that under the enactment in question any outstanding support order is in the control of the court which made it both as to future installments and unpaid arrearages. Arrearages may be cancelled or reduced. Under these circumstances, if the present suit sought a judgment therefor, the relief would have to be denied because the element of finality was lacking in their character. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Frank v. Frank, supra, 7 N.J. 225 (1951); Annotation, 157 A.L.R. 181.
However, we are not dealing with arrearages, as such, any longer. The court of origin of the support order exercised its discretion under the statute referred to and entered judgment. In that proceeding a binding reduction or cancellation might have been ordered; but that was not done. Instead the court by its action transformed the arrearages into an ordinary judgment debt. The matter then became res judicata and any subsequent proceeding would concern itself with a judgment and not an order for support. Such a judgment has the requisite finality to require full faith and credit in this State. Barber v. Barber, 323 *495 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163; Annotation, Id., p. 181; Annotation, 6 A.L.R. 1311; Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946), rehearing denied, 328 U.S. 876, 66 S.Ct. 975, 90 L.Ed. 1645 (1946); Savoie v. Savoie, 26 N.J. Misc. 67 (Ch. 1947). The power to cancel or modify installments of alimony or support which have already accrued ought not to be recognized unless the pertinent statute unequivocally exhibits it. Barber v. Barber, supra, 323 U.S., at page 82, 65 S.Ct., at page 139. In the Barber case it was pointed out that the "statute by its terms makes provision only for the modification of the `order of allowance,' not of a judgment rendered for the amount of the unpaid allowances which have accrued under such an order." So too, here, the Pennsylvania legislature employed substantially the same language in authorizing modification of "any order for support."
Under the circumstances, on the facts presented, judgment should have been entered for the plaintiff.
We have not undertaken to consider the effect, if any, on a judgment in our court of the additional order of the Pennsylvania court directing the defendant to pay $3 weekly on the judgment entered there for the arrearages. The only issue presented by the record is whether plaintiff is entitled to judgment in New Jersey. No question has been raised or argued as to whether the installment payment order will or should stand in the way of execution here. It may be that plaintiff is only interested in the protection afforded by a lien upon the real estate in this State.
In any event, the weekly installment order does not affect the finality of the judgment; it goes only to the matter of payment or execution. No cases have been given to us as to whether Pennsylvania allows execution on such a judgment when the order is outstanding and not in default. If the law of that state bars execution in such a situation, should New Jersey recognize the order on principles of comity? In this connection we note in passing, but not by way of determination of its specific relevancy, the language of Vice-Chancellor Bird in Bullock v. Bullock, 51 N.J. Eq. *496 444, 446 (Ch. 1893), affirmed 52 N.J. Eq. 561 (E. & A. 1894):
"In my judgment, the faith and credit contemplated by the constitution and the laws only extends to judgments or decrees, and has no reference whatsoever to process in the nature of an execution."
In a concurring opinion in the Court of Errors and Appeals on the affirmance of the decree, Justice Garrison said:
"The transcendent force given by the federal law to the judicial proceedings of sister states is confined to such judicial determinations as possess the quality of judgment; it does not extend to proceedings in the nature of execution, or to orders merely ancillary to some special form of relief." (52 N.J. Eq., at page 570.)
And see Whitehead v. Villapiano, supra, 16 N.J. Super., at page 424.
For the reasons stated, the judgment of the Chancery Division is reversed.