[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/30/99
THOMAS K. KAHN
CLERK

_____

No. 97-2531

_____

D. C. Docket No. 96-1077-CIV-T-17B

JOSEPH J. RASH,

Plaintiff-Appellant,

versus

JOANN H. RASH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 30, 1999)**

Before BARKETT, Circuit Judge, GODBOLD and GOODWIN*, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

This case involves a dispute in federal court between a former husband and wife over the

priority to be accorded to two competing state court judgments entered in the courts of different

_____

*Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by
designation.
 states.

Both husband and wife had contacts with the states of Florida and New Jersey. On February 25, 1994 the husband sued for divorce in state court in Florida. On March 14 the wife was served with process under Fla. Stat. Ann. § 48.193, which provides that, for persons maintaining a matrimonial domicile in the state, Florida has personal jurisdiction with respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage. The wife entered no appearance in the Florida case.

On March 21, 1994 the wife sued for divorce in state court in New Jersey. The next day she filed in the New Jersey court an emergency application asking that the husband be restrained from proceeding in the Florida divorce action. The court set a "return" for March 29 and directed that the husband be given notice.

On March 29, 1994 the husband filed a response, describing contacts that he and his wife had with Florida and describing the filing of the Florida divorce action and service of process on his wife. The wife filed a response, alleging that the parties' residence was New Jersey and denying Florida residence. The same day, March 29, the court heard oral argument with counsel for both parties present and participating.

On March 31, 1994 the New Jersey court entered an order finding that the husband was subject to the in personam jurisdiction of the New Jersey court and restraining him from proceeding in personam against the wife in the Florida divorce action and from obtaining relief on any issues regarding distribution of personal and real property, attorney fees, cost and suit money, or the parties' marital debts.

In the March 31 order the New Jersey court set the matter down for a plenary hearing on May 10, 1994, on whether the temporary injunction should be made permanent and for other relief. However, the hearing was not conducted on May 10.

On July 8, despite the New Jersey injunction, the husband filed a motion for leave to proceed in Florida, which the Florida court granted.

On October 21 the Florida court entered a "Final Judgment of Dissolution of Marriage." The husband had appeared and submitted his testimony and other evidence. The wife had entered no appearance. The court found that the husband had been a resident of Florida for six months next preceding the filing of his petition and that the court had jurisdiction of the parties. It directed that real property in New Jersey should be equally divided between husband and wife, that the husband should have sole ownership of his Pennsylvania Retirement System pension, and declared that the wife have no form of alimony or support from the husband. The court expressly retained jurisdiction for the purpose of enforcing all terms and provisions of the final judgment.

On November 17, 1994 the wife asked the New Jersey court to direct that proceeds of a sale that had been made of the New Jersey real estate be held in escrow and that the husband be held in contempt for violating the injunctive order of March 31.

On December 5, 1994 the New Jersey court ordered the real estate proceeds held in escrow.

On December 9, 1994 the New Jersey court conducted a hearing on the issue of jurisdiction. Both parties were present with their counsel and testimony was taken.

On December 14 the New Jersey court entered an order finding that Florida had inappropriately asserted in personam jurisdiction over the wife, that New Jersey had sole in personam jurisdiction over both parties, and that it was the appropriate forum to resolve those issues relating to distribution of property and support.

On December 19 the husband filed an answer and counterclaim in the New Jersey case.

On June 19, 1995 the New Jersey court entered a "Final Judgment of Divorce." It ruled that both parties and counsel had appeared before it. It found that the wife had resided in New Jersey for more than a year preceding the filing of the suit and that jurisdiction had been acquired over the husband. The court divided New Jersey real property and a trailer located in Florida and held the wife was entitled to alimony and half of the husband's social security payments and of his disability pension.

On March 18, 1996 the New Jersey court acting "pursuant to the terms of the Final Judgment of Divorce" entered on June 19, 1995 directed fifty percent of the husband's pension to be distributed to the wife.

The husband brought this suit against the wife on May 31, 1996 in the United States District Court, M.D. Florida, under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, alleging that the Florida judgment dissolving the marriage and dividing property is valid, as opposed to the later New Jersey judgment that also purported to dissolve the marriage and divide property.

The wife moved to dismiss this case. The district judge held that the federal court, as a court of limited jurisdiction, did not have subject matter jurisdiction, on the ground that federal courts usually decline review of domestic relation cases over which state courts traditionally

4

have jurisdiction. Although the court concluded that it lacked subject matter jurisdiction it also found that the Florida judgment was not entitled to full faith and credit because the New Jersey court had found (at the temporary injunction stage in March 1994) that Florida did not have personal jurisdiction over the wife. The court dismissed the case and the husband appealed.

In our decision, <u>Rash v. Rash</u>, 147 F.3d 1291 (11th Cir. 1998) this panel ruled with the wife and held that Florida was required to give full faith and credit to the New Jersey order entered March 31, 1994. On reconsideration we adhere to the view that the wife prevails but on a different ground, that Florida is required to give full faith and credit to the New Jersey judgment entered June 19, 1995. We withdraw the prior opinion and substitute this opinion in its place.

The husband filed a motion to file out of time a petition for rehearing/rehearing en banc. The panel pointed out to counsel that a judgment need be given only the same credit, validity and effect that it had in the state where it was pronounced and noted that the parties had not briefed New Jersey law on this issue. Therefore, the panel called on the parties to file supplemental briefs on the issue of whether the New Jersey order of March 31 was entitled to full faith and credit under the law of New Jersey. Supplemental briefs have been filed. The panel has considered those briefs and reconsidered the case.

First, we look to the jurisdiction of the federal court to consider this case. Diversity jurisdiction under 28 U.S.C. § 1332 is subject to a judicially created exemption for domestic relations and probate cases. But the exception is narrowly confined; it is not an absolute rule, but rather the question is whether the court in its discretion should abstain. <u>Kirby v. Mellenger</u>, 830 F.2d 176, 179 (11th Cir. 1987). The court should abstain only when hearing the claim would

5

require the court to delve into the parties' domestic affairs. <u>Ingram v. Hayes</u>, 866 F.2d 368, 370 (11th Cir. 1988). Primarily, this case is a dispute over assets -- alimony, rights to pension, and real property in New Jersey and Florida -- and only secondarily of domestic differences. It is not a dispute over a single decree but over which of two competing state decrees should be enforced. Also it concerns the interests of two states and of their respective courts in protecting their judgments and their constitutional entitlement to full faith and credit. It does not raise the types of concerns that justify application of the domestic relations exception.

District courts will enforce a divorce decree of a court of another state under the full faith and credit clause. <u>Williams v. North Carolina</u>, 325 U.S. 226 (1945). The federal court is open to consider claims that the courts of one state have not given the full faith and credit to the judgment of a sister state that is required by Article IV, § 1 of the Constitution. The discharge of this duty does not make the court a court of probate and divorce. <u>Id</u>. at 232-33. Accordingly there is federal jurisdiction over this proceeding.

We conclude that the March 31 order lacked the finality New Jersey requires of an order to entitle it to full faith and credit. Whether action by a court possesses the necessary finality to be a final judgment is determined by the local law of the state of rendition. <u>Restatement (Second) of Conflict of Laws</u> § 107 (1971). A judgment is not a final judgment if further judicial action by the rendering court is required to resolve the matter litigated. <u>Id</u>. at cmt. a. A second court is free to refuse to honor a sister state judgment insofar as the judgment remains subject to modification by the original court. <u>Id</u>. at cmt. c.

In <u>Paramore v. Paramore</u>, 108 A.2d 455-458 (N.J. Super. Ct. App. Div. 1954) the New Jersey court said:

6

> In my judgment the faith and credit contemplated by the constitution and the laws only extends to judgments or decrees, and has no reference whatsoever to process in the nature of an execution. . .
>
> The transcendent force given by the federal laws to the judicial proceedings of sister states is confined to such judicial determinations as possess the quality of judgment; it does not extend to proceedings in the nature of execution, or to orders merely ancillary to some special form of relief.

(citations omitted).

In Frank v. Frank, 81 A.2d 172 (N.J. 1951) the New Jersey Supreme Court was faced with whether full faith and credit would be given to a Florida decree. It held that the Florida decree was merely an adjudication of contempt that could be modified, vacated or changed. It was, therefore, not a final judgment entitled to enforcement under full faith and credit principles. Though addressing a Florida order the case applied New Jersey's rule requiring finality pursuant to standards of the rendering state as a prerequisite for full faith and credit.

When we apply New Jersey law to the New Jersey order of May 31 it appears that New Jersey would not extend full faith and credit to such an order. It was only an order pendente lite with the issue of jurisdiction to be finally determined in a later plenary hearing. The effect of an interlocutory order on the finality of a judgment depends on the law of the rendering state. Scoles and Hay, Conflict of Laws 963 (1992). Moreover, injunctions against litigation in sister states are said not to be entitled to full faith and credit. Id. at 981.

We turn then to the consequences of the final judgment entered in New Jersey on June 19, 1995 and the earlier Florida judgment of October 21, 1994. Where a party appears for the purpose of litigating the question of jurisdiction, presents its case and is fully heard, he is thereafter concluded on the judgment of the court to which he has submitted the matter. Baldwin

v. Iowa State Traveling Men's Ass'n, 283 U.S. 522 (1931). Baldwin presents the situation in which the court has proceeded to judgment on the issue of jurisdiction. In the present case the only court that has addressed the issue of jurisdiction with both parties present and participating is the New Jersey court. It determined the place of jurisdiction as New Jersey.

The husband contends that the Florida judgment controls because it was first in time and that the Florida court had in personam jurisdiction over the wife, pursuant to Fla. Stat. Ann. § 48.193(1)(e). That argument is unavailing. The wife had not appeared in the Florida case and was in default. A defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction even if the court entering the default determined that it had personal jurisdiction over the defendant. Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc., 734 F.2d 639, 640-41 (11th Cir. 1984); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 154 (5th Cir. 1974); 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4430 (1981).

The wife was free to question in the New Jersey proceedings the determination by the Florida court that it had personal jurisdiction over the parties. The New Jersey court, with both parties present and participating, was free to rule on the jurisdictional issue in its plenary hearing of December 9, 1994, and to enter its order of December 14, 1994, and its final judgment of March 6, 1995. That judgment controls. New Jersey is the only court with jurisdiction over both parties to have determined the issue of jurisdiction. That judgment is entitled to full faith and credit. The purported final judgment entered in Florida is not entitled to full faith and credit because a court with jurisdiction -- New Jersey -- has found that Florida lacked jurisdiction. If the husband wished to question the judgment of the New Jersey court concerning jurisdiction he

8

could have done so in the courts of New Jersey where both parties were present and participating.

The previous opinion of this court is VACATED and this opinion substituted in its place. The judgment of the district court is AFFIRMED. The husband may, if he chooses, file a petition for rehearing/rehearing en banc under the usual procedures of this court.

BARKETT, Circuit Judge, concurring:

I concur with the majority in its holding that the October 21, 1994 judgment of the Florida court is not entitled to full faith and credit. This is not a case where both parties appeared to present their respective positions in both jurisdictions. To the contrary, Ms. Rash never appeared by counsel or otherwise before the Florida court, and instead continued to prosecute her claim in New Jersey. In contrast, Mr. Rash did appear with counsel in New Jersey and participated fully in the case there. The New Jersey court's determination of December 14, 1994 that the Florida court lacked personal jurisdiction over Ms. Rash was reached after a hearing at which both parties were represented and were able to present their arguments. The New Jersey court was thus the first court of competent jurisdiction to pass judgment in this case, and we are therefore obliged to give its judgment, and not that of the Florida court, full faith and credit. Where a "defendant makes no appearance and the judgment goes by default, the defendant may defeat subsequent enforcement in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction." Hazen Research Inc. v. Omega Minerals, Inc., 497 F.2d 151 (5th Cir. 1974); see also Baldwin v. Iowa State Traveling Men's Assoc., 283 U.S. 522, 525 (1931) ("[The defendant] had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment, and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction.").

10