[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10299
Non-Argument Calendar
_____

D. C. Docket No. 1:13-cv-03176-RWS

KRYSTAL LUCADO,

Plaintiff-Appellant,

versus

HUGH D. COHERD,
PATRICIA KOMAREK COHERD,

Defendants-Appellees,

JOHN DOES 1-3,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 3, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Krystal Lucado appeals the district court's dismissal of her claim for lack of subject matter jurisdiction.  The district court relied on the domestic relations exemption, concluding that it "should abstain from deciding issues that may interfere with the decisions of the state court which is better positioned" to decide "core" matters regarding support obligations of Hugh Coherd.  We conclude that Lucado's action is a tort claim that does not require delving "into the parties' domestic affairs" to resolve, so the district court should have retained jurisdiction.

Lucado brings this action alleging that Hugh Coherd unlawfully transferred assets to his current wife, Patricia Coherd, to avoid paying support obligations.  Lucado obtained a Writ of *Fieri Facias* totaling $411,323.11 pursuant to a 2006 judgment entered in Fulton County Superior Court.  Since 2006, Hugh Coherd has failed to pay the support sums, and the superior court has entered subsequent orders on contempt.

This Court reviews the district court's ruling on motion to dismiss *de novo*.  *S.E.C. v. Mut. Benefits Corp.*, 408 F.3d 737, 741 (11th Cir. 2005).  The issue on appeal is the district court's application of the domestic relations exemption from diversity jurisdiction.[1]  "Diversity jurisdiction under 28 U.S.C. § 1332 is subject to a judicially created exemption for domestic relations and probate cases."  *Rash v.*

---

[1] We posed a question about diversity of the parties to Lucado pursuant to *Mallory & Evans Contractors & Engineers, LLC v. Tuskeegee University*, 663 F.3d 1304, 1304-05 (11th Cir. 2011).  With leave of this Court, Lucado filed an amended complaint in which she pleads that she is a citizen of Maryland and the Coherds are citizens of Georgia.  The parties are diverse.

*Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999).  The exemption applies to "cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992) (internal quotations omitted).  "But the exception is narrowly confined; it is not an absolute rule . . . . The court should abstain only when hearing the claim would require the court to delve into the parties' domestic affairs." *Rash*, 173 F.3d at 1380.

The claims at hand require the factfinder to determine if Hugh Coherd transferred assets to Patricia Coherd for the purpose of defrauding Lucado. O.C.G.A. § 18-2-74.  The judgment in this case happens to come from a dispute regarding child support, but "[p]rimarily, this case is a dispute over assets . . . and only secondarily of domestic differences." *Rash*, 173 F.3d at 1380.

The Coherds argue, and the district court recognized, that child support sums are subject to adjustment by the state court.  In fact, as recently as 2012, the superior court entered an interim order on contempt.  But these ongoing state proceedings relate to Hugh Coherd's failure to pay his child support and the prospect of his incarceration if he does not pay arrearages.  This action "stripped of its verbiage" is about locating viable assets. *Jagiella v. Jagiella*, 647 F.2d 561, 565 (5th Cir. Unit B 1981) (quoting *Bacon v. Bacon*, 365 F. Supp. 1019, 1020 (D. Or.

1973)).  Lucado holds a liquidated judgment upon which she may collect, and when the arrearages in question may be calculated solely from the records of a court clerk, a district court should exercise diversity jurisdiction.  *Id.* at 564 ("Since the arrearages here in question were calculable solely from the records of the Clerk of the Florida Circuit Court and involved no litigation of questions regarding the parties' marital relationship, we conclude that the district court properly exercised jurisdiction.").

We acknowledge the district court's reluctance to retain jurisdiction over the case given the divorce proceedings' "very tortured past," but we must reverse given the discrete issue separate from the domestic dispute.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206, 2215 (1992) ("By concluding, as we do, that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree, we necessarily find that the Court of Appeals erred by affirming the District Court's invocation of this exception.").

**REVERSED AND REMANDED.**