[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12183
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-00403-TWT


AKASH DIXIT,
for Self and son, a minor as next friend Anudveg Dixit,

Plaintiff-Appellant,

versus

KARAN SINGH,
TANYA SINGH DIXIT,
GREGORY GOLDEN,
in his official and personal capacity,
SANGEET SINGH,
BHUPENDRA SINGH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 18, 2018)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Akash Dixit, a native and citizen of India, appeals *pro se* the *sua sponte* dismissal of his complaint that his former wife, Tanya Singh Dixit, several of her relatives (the Singhs), and her attorney, Gregory Golden, conspired to violate Dixit's rights and violated federal and state law by aiding Tanya to return to the United States to pursue divorce and child custody proceedings. *See* 42 U.S.C. §§ 1983, 1985, 1986. The district court dismissed for failure to state a claim Dixit's "federal statutory and constitutional clams . . . because the Defendants [were] not state actors subject to suit," *see* 28 U.S.C. § 1915(e)(2)(B), and it dismissed for lack of subject matter jurisdiction Dixit's remaining claims based on "the domestic relations exception to diversity jurisdiction." We affirm.

One standard of review governs this appeal. We review *de novo* the *sua sponte* dismissal of a complaint for failure to state a claim, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997), and for lack of subject matter jurisdiction, *Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2018). We accept all allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

Actions that seek vindication for the violation of civil rights require the involvement of a state actor. A plaintiff suing under section 1983 must prove that

2

he was deprived of a federal statutory or constitutional right by a person either acting "under color of state law" or who was transformed into a state actor by performing a function "traditionally [within] the exclusive prerogative of the state," by acting with the encouragement of the state, or by jointly participating with the government. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003). Section 1985 authorizes a remedy against state actors who have conspired to deprive an individual of his civil rights, *see* 42 U.S.C. § 1985, and section 1986 provides a remedy against state actors who have failed to prevent a conspiracy actionable under section 1985, *see id.* § 1986.

Dixit failed to state a claim that the defendants violated his civil rights. Dixit alleged that the Singhs and Golden conspired with Tanya to aid her to reenter the United States, to obtain custody of the Dixits' son, to occupy the family home in Georgia, and to violate federal and state laws. Those allegations fail to establish that Tanya, the Singhs, or Golden were state actors. Dixit alleged that Tanya, the Singhs, and Golden "performed fraud on the Court" during the divorce and child custody proceedings and perpetrated a fraud on the federal government to enable Tanya to gain entry to and remain in the United States, but the defendants' "merely private conduct, no matter how . . . wrongful" is not actionable. *See Focus on the Family*, 344 F.3d at 1277.

3

An action in which the court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a)(1), "is subject to a judicially created exemption for domestic relations and probate cases," *Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999). The exemption applies "when hearing the claim would require the court to delve into the parties' domestic affairs." *Id.* The exemption is designed to prevent federal courts from granting or modifying divorce and alimony decrees and child custody orders. *Ankenbrandt v. Richards*, 504 U.S. 689, 702–03 (1992).

The district court lacked jurisdiction to entertain Dixit's claims connected to his divorce and child custody proceedings. Dixit complained that Tanya disregarded the welfare of their minor son and robbed Dixit and his son of their property. He requested damages for his and his son's "emotional and mental trauma and distress" and for the destruction of his property and requested that the district court "set aside" the order of divorce and child custody. The district court could not consider the propriety of the division of marital assets or the decision to award custody of the Dixits' son to Tanya. *See McDougald v. Jenson*, 786 F.2d 1465, 1489 (11th Cir. 1986) (refusing to entertain a suit seeking enforcement of a child custody order). Because federal courts must also abstain from "hearing . . . claim[s] . . . [that] mandate inquiry into the marital or parent-child relationship," the district court could not entertain Dixit's claim seeking damages for emotional distress. *See Ingram v. Hayes*, 866 F.2d 368, 370 (11th Cir. 1988) (abstaining from

4

exercising jurisdiction over a father's claim of intentional infliction of emotional distress).

The district court did not violate Dixit's right to due process by issuing a short order that dismissed his complaint. "[D]ue process requires, at a minimum, that . . . persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971). The screening procedure under which a district court must dismiss an action that "is frivolous or malicious" or that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), comports with due process. Dixit was afforded—and availed himself of— postdecisional review to prevent an erroneous dismissal of his complaint. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) (*sua sponte* dismissal for failure to prosecute did not "offend[] due process" given "the availability of a corrective remedy such as is provided by Federal Rule of Civil Procedure 60(b)"). Dixit filed motions to alter or amend the judgment, Fed. R. Civ. P. 59(e), and for relief from the judgment, Fed. R. Civ. P. 60(b). Dixit also appealed and we have reviewed the dismissal of his complaint *de novo*. These postjudgment procedures provided Dixit's ample "meaningful opportunit[ies] to be heard." *See Boddie*, 401 U.S. at 377.

We **AFFIRM** the dismissal of Dixit's complaint.

5